Arturo GOMEZ–ARGOTE, Petitioner,

v.

**John ASHCROFT, Attorney General,\* Respondent.**

**No. 02–71931.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.\*\*

Decided March 31, 2004.

Andrew J. Vazquez, Esq., Law Offices of Andrew J. Vazquez, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

MEMORANDUM \*\*\*

Arturo Gomez–Argote, a native and citizen of Mexico, petitions for review of the

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Although we lack jurisdiction to review the IJ's determination regarding "exceptional and extremely unusual hardship," *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003), we nonetheless retain jurisdiction to determine whether the IJ's interpretation of the hardship standard violates due process, *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003). Reviewing de novo, we conclude that the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See id.* at 1006.

To the extent Gomez–Argote asserts a constitutional challenge to the BIA's streamlining regulations, that argument is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft,* 03–70477, and further order of this Court.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.